**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 31 2008

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    Crim. No. 08-MJ-2564

HAROLD TIMOTHY GALLAWAY,

    Defendant.

## FINDINGS OF FACT ON MOTION FOR DETENTION

**THIS MATTER** came before the Court on a probable cause hearing on a criminal complaint filed in the above-captioned cause. The Court conducted an evidentiary hearing and thereafter made a finding of probable cause. The Government then moved for detention and the Defendant, through his counsel of record, asked the Court to release him to the La Posada Halfway House. The Court considered and took judicial notice of the report of Pretrial Services and considered the arguments of counsel together with all factors to be considered under §3142(g) in determining whether to release the Defendant. These factors include the following:

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Defendant did not testify nor did he proffer any testimony or offer evidence other than to state through his attorney that he needed certain pain medication and that he was not receiving this medication in jail. The Court now enters the following findings of fact relative to the issue of detention:

1. The Defendant is 55 years of age and has declined to provide any specific residential history other than the general information given to Pretrial Services and contained in their report.

2. Defendant reports that he suffers from arthritis, a compressed disc in his back, and chronic pain in his back and knees. He has reported taking numerous medications for these conditions. Defendant further reported that at the time of his arrest he was "coming off" heroin. Defendant has a lengthy prior criminal history, a copy of which is attached as Attachment A to the Pretrial Services Report of which the Court has taken judicial notice. The charges date back to June, 1973 and originate in the states of Hawaii, Texas, California, Kansas, Maryland, Nevada, Colorado and the present charge here in New Mexico. Many of the dispositions are difficult to interpret with certainty as they are indicated as unknown but with investigation pending or, in some instances, no court records were located. It is clear that the Defendant has been convicted of multiple crimes including driving under the influence, possession of marijuana, escape, attempted terroristic threat, burglary, disturbing the peace, assault within special maritime or

territorial jurisdiction, and cruelty to animals. There are multiple failures to appear and to comply with Court orders contained in the Defendant's prior criminal record.

3. The Defendant does not have a stable or verifiable residence and has a very mobile lifestyle.

4. The Defendant has multiple failures to appear for Court.

5. The Defendant clearly demonstrates substance abuse and/or addiction issues.

6. The Defendant has a very poor performance record concerning compliance with Court orders. The Defendant has prior escape charges. The Defendant has a history of violence and assault and presently has pending charges in Belen, New Mexico, concerning driving under the influence or liquor or drugs.

7. Based on the foregoing, the Court cannot find any conditions of release that will reasonably ensure the safety of any other person or the community.

8. The Court therefore concludes that the Defendant poses an unreasonable risk of harm and flight. The Court determines that the Defendant should remain in custody pending further proceedings as there are no conditions under which he can reasonably be released.

*Robert H. Scott* 10-31-2008
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE